888 F.2d 128
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
James Earl LANDERS, Defendant-Appellee.
 No. 89-5035.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1989.
 
 Before KEITH, NATHANIEL R. JONES, and RALPH B. GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, the United States of America (the government) appeals the judgment of acquittal by the district court in a trial of defendant-appellee, James Earl Landers, for causing possession of dilaudid in violation of 21 U.S.C. Sec. 841(a)(1). For the following reasons, we reverse.
 
 I.
 
 2
 On January 12, 1988, Sergeant Burton of the Shelby County Sheriff's Department contacted a worker at Federal Express about a package containing 3,234 dilaudid, with an estimated value of $160,000.00 to $175,000.00. Burton and Detective Setliff, also of the Shelby County Sheriff's Department, went to the Federal Express office and identified the drugs in the package as dilaudid. The air bill indicated that the package originated in Bakersfield, California and was addressed to James Landers at 87 West Person Road, Memphis, Tennessee. Burton then obtained a search warrant for that address.
 
 
 3
 Officer Setliff, who was wearing a Federal Express uniform, drove a Federal Express truck to 87 West Person Road, and delivered the package to Emma Landers (defendant's mother, "Emma"), who lived at that address with her mother and her daughter. Defendant Landers lived at a different address and was not present when Officer Setliff made the delivery. When Setliff delivered the package to Emma, Emma allegedly said "Well, here you are." J.App. at 51. Immediately after delivery of the package, other officers came up to the house and searched the premises pursuant to the warrant.
 
 
 4
 At trial Landers objected to the admission of Emma's statement to Setliff as hearsay, but the court overruled this objection. Officer Windland, one of the officers who searched Emma's house, also testified about Emma's responses to his questions. According to Windland, Emma stated that she has received packages for her son, defendant Landers, on "numerous occasions" in the past, and that her son told her to sign for the packages and then he would pick them up. Id. at 92. No objection was made to the introduction of this evidence. In addition, Emma testified at trial that she has received packages in the past for her son, though she did not remember the nature of the packages, i.e. origin, size, and delivery company. Id. at 63.
 
 
 5
 The jury returned a verdict of guilty. Landers subsequently filed a motion for a new trial on several grounds: insufficient evidence; error in admitting the hearsay evidence; error in not questioning a juror in more detail; error in not allowing defense counsel to question the juror; and failure of the jury to consider the issues. Landers also renewed an earlier motion for acquittal.
 
 
 6
 The United States District Court for the Western District of Tennessee, Judge Jerome Turner presiding, denied the motion for a new trial, but granted the motion for acquittal because as a matter of law the evidence was insufficient to convict Landers. In particular, the court noted that under 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, the Government was required to prove: (1) that the defendant knowingly; (2) caused another to possess dilaudid; and (3) with the intent to distribute it. The court ruled that the evidence for the second element--causing another to possess the drug--was insufficient. Specifically, the court observed that a jury must draw three inferences to find that Landers caused another to possess dilaudid: (1) such a valuable substance would not be sent to someone unless arranged by the intended recipient; (2) no one would mistakenly address and send such a valuable package to someone other than the intended recipient; and (3) no one would intentionally address and send such a valuable package to a person who was not the intended recipient, especially if the addressee frequently picked up his packages at the address listed on the package. J.App. at 190.
 
 
 7
 The court found the third inference troublesome. It noted that it is just as likely that a person who lived at the 87 West Person Road address (i.e. Emma's house) was involved in the illegal drug transaction. Under this hypothesis, Landers' name was on the package in order to afford the true intended recipient protection from prosecution in case of discovery of the package. Id. at 193. The court concluded that where there were two inferences that could be reasonably drawn from the facts, one of which leads to guilt and the other to innocence, there was not as a matter of law sufficient evidence for a reasonable jury to find the defendant guilty beyond a reasonable doubt.
 
 
 8
 In accordance with Rule 29(d) of the Federal Rules of Criminal Procedure, the district court noted that in the event of reversal of its judgment of acquittal, a new trial should not be ordered. The court concluded that if it was incorrect as a matter of law, then there would be no ground for granting a new trial because the weight of the evidence would not preponderate against the jury's verdict. Id. at 195.
 
 II.
 
 9
 The Government argues that if the jury draws a reasonable inference of guilt based on the evidence presented, the district court should not disturb the jury's verdict merely because there is a plausible hypothesis of innocence. In reviewing a judgment of acquittal, this court must view the evidence in the most favorable light to the Government and then determine if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). Where several inferences can be drawn from this evidence, the law in this circuit is that "the evidence ... need not exclude every logical hypothesis other than guilt, but need only be sufficient for a reasonable trier of fact to find that the evidence established guilt beyond a reasonable doubt." United States v. Johnson, 741 F.2d 854, 856 (6th Cir.1984), cert den. 469 U.S. 1075 (1984).
 
 
 10
 In United States v. Van Hee, 531 F.2d 352 (6th Cir.1976), the jury found the defendants guilty of conspiracy to violate the Munitions Control Act. Although the Government produced no direct evidence of a conspiracy, the record contained evidence of activities of the men from which a reasonable inference could be drawn that they were engaged in a conspiracy. Id. at 357. The defendant argued that the evidence was insufficient because there is a plausible theory based on the evidence that he is innocent. This court rejected his argument, noting that "a finding of guilt may be based on circumstantial evidence which does not 'remove every reasonable hypothesis except that of guilt.' " Id. at 358 (citation omitted).
 
 
 11
 In the instant case, we find that the district court incorrectly framed the issue because the jury did have a basis for choosing one inference over another. In particular, Emma testified that she often received packages for her son, who later would pick them up. The jury could have concluded that the inference that Landers had the packages sent was more likely, based on its assessment of the credibility and demeanor of Emma during her testimony, a determination that is the sole province of the jury. United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988).
 
 
 12
 In addition, the district court used the wrong legal standard. Even if the two inferences were equally likely, the evidence is sufficient for the jury to find Landers guilty if the inference of guilt is reasonable. Johnson,supra, 741 F.2d at 856. The district court concluded that there was a reasonable basis for the hypothesis of guilt. Since the reasonableness of the hypothesis of innocence is not relevant to the district court's inquiry of whether to set aside the jury's verdict, the court's granting of the motion for acquittal was improper. Thus, because a rational jury could find Landers guilty, we reverse the judgment for acquittal and reinstate the guilty verdict.
 
 III.
 
 13
 Landers argues that a new trial should be granted because the district court erred in admitting hearsay evidence in two cases: Officer Setliff's testimony about Emma's statement, "Well, here you are"; and Officer Windland's testimony about Emma's admissions that she often received packages for her son. We review a district court's evidentiary rulings under an "abuse of discretion" standard. United States v. Benton, 852 F.2d 1456, 1467 (6th Cir.1988), cert den. 109 S.Ct 555 (1988). With regard to the first alleged hearsay statement, the district court ruled that the statement was admissible as an exception to the hearsay rule under Fed.R.Evid.Rule 803(3), which excludes from hearsay a "statement of the declarant's then existing state of mind ..." The court found that the statement showed Emma's expectation of the arrival of a delivery. J.App. at 184. Because none of Landers' arguments on appeal contradict the district court's ruling with regard to this statement, we find that the district court did not abuse its discretion in admitting this statement.
 
 
 14
 Landers contends that the court also erred in admitting Officer Windland's statement. The record indicates that Landers failed to object to the introduction of the evidence at trial. When a defendant fails to object to the admission of evidence at trial, the issue is not reviewable by the appellate court unless there is plain error. United States v. Marino, 658 F.2d 1120, 1124 (6th Cir.1981). In its denial of the motion for a new trial, the district court noted that a limiting instruction would have been proper had one been requested. J.App. at 185-86. However, any such error was harmless. Emma admitted that she received packages for Landers during her testimony. The only information that Windland's testimony added was that Landers directed Emma to sign for the packages, a fact that could easily have been inferred from past practice. Thus, the effect of the statement was harmless because it was cumulative testimony. United States v. Thomas, 875 F.2d 559, 563, n. 2(6th Cir.1989).
 
 
 15
 Landers also asks for a new trial on the ground that the weight of the evidence was insufficient. In its conditional denial of the motion for a new trial, the district court noted that if the evidence is deemed legally sufficient to sustain a verdict of guilty, then the weight of the evidence does not preponderate heavily against the verdict. J.App. at 195. For the reasons discussed above, we find that the district court did not abuse its discretion in its determination that the jury verdict was not against the manifest weight of the evidence.
 
 IV.
 
 16
 For the above stated reasons, the district court's judgment of acquittal is REVERSED and REMANDED to the district court with instructions to reinstate the guilty verdict. The district court's conditional denial of a motion for a new trial is AFFIRMED.