892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Edward FRYHOVER, Defendant-Appellant.
 No. 89-1192.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1990.
 
 Before KEITH and BOGGS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Louis Edward Fryhover appeals his jury conviction and sentencing on six counts of drug trafficking. After fifteen counts in the 21-count indictment were dismissed, Fryhover was found guilty on the remaining six counts: three counts of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), two counts of distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846. The court sentenced Fryhover, under the federal sentencing guidelines, to 96 months on the conspiracy count and 60 months, to run concurrently with the 96 months, on the remaining five counts. Finding no error below, we affirm the conviction and sentence.
 
 
 2
 * On June 22, 1988, federal agents arrested Fryhover, his wife, and three accomplices at Fryhover's home in Lake County, Michigan. The F.B.I. was led to Fryhover by Darrell Fenstermacher, who had been arrested for selling drugs in October 1987 and had agreed to plead guilty and cooperate with the authorities in exchange for reduced charges. In March 1988, Fryhover and Fenstermacher began exchanging telephone calls that were recorded by the F.B.I.
 
 
 3
 Fryhover and Fenstermacher arranged to have Fenstermacher meet Fryhover's supplier, Israel Flores, on June 7, 1988. These three and two other men, Michael Rodriguez and Justo Vela, met that day at a bar. These negotiations also were recorded. On June 21, 1988, the five men met again, and they arranged the exchange for the next day. On June 22, they met at Fryhover's home. As Fenstermacher excused himself from the company of the other four men (on the pretense of having to get the money to pay for the marijuana), federal agents arrived at Fryhover's home to execute a search warrant. The agents found about 35 pounds of marijuana in the house and barn.
 
 II
 
 4
 Fryhover makes four arguments on appeal. First, he argues that the evidence was insufficient to sustain his conviction on the conspiracy charge. Second, he argues that the district court denied him his right of allocution. Third, he argues that the district court set an incorrect sentence. Fourth, he argues that he is entitled to a resentencing on the basis of his co-conspirators' sentences.
 
 
 5
 * In order for a jury to convict on a conspiracy charge, it must find that there existed an agreement between two or more people to commit the principal crime. Fryhover claims that the government adduced no evidence of an agreement at trial or that any evidence of an agreement was insufficient because it rested solely on the declarations and admissions of Fryhover himself.
 
 
 6
 We hold that there was sufficient evidence of an agreement to convict Fryhover of the conspiracy charge. Count 21 of the indictment charged that Fryhover conspired to possess at least 100 kilograms of marijuana with intent to distribute. At trial, the government introduced Fenstermacher's tape-recorded conversations between him and Fryhover, Flores, and Rodriguez, in which they discussed distributing hundreds of pounds of marijuana. Four co-conspirators took part in these conversations, proving the elements of both amount and agreement.
 
 
 7
 In addition, at the time of his arrest, Fryhover admitted to an F.B.I. agent that Flores, Rodriguez, Vela and he were working together to distribute more than 100 kilograms of marijuana. Fryhover does not dispute the constitutionality of using this admission as evidence. All of this evidence amply supports the conviction.
 
 B
 
 8
 Federal Rule of Criminal Procedure 32(a)(1)(C) gives a defendant a right of allocution. Fryhover claims that he was denied his right to make a statement on his own behalf prior to sentencing and that this denial warrants reversal of his conviction. We disagree.
 
 
 9
 The district court did not let Fryhover make a statement before first announcing that it intended to impose a 96-month sentence. The court realized its mistake, however, and it immediately invited Fryhover to make any comments he wished and promised to take his comments into consideration. The only comment Fryhover made at that point was an explanation of why he had recently slipped back into his habit of smoking marijuana. The court considered his comments, responded to them, and then formally imposed a 96-month sentence.
 
 
 10
 The entire sentencing colloquy was one contemporaneous process. Fryhover's sentence was not actually imposed until after he had a chance to speak. The trial judge recognized and stated that he needed to hear from Fryhover before passing sentence. The purpose of Fed.R.Crim.P. 32(a)(1)(C) was thus satisfied.
 
 
 11
 In Green v. United States, 365 U.S. 301, 305 (1961), the Supreme Court held that defendants must be "issued a personal invitation to speak prior to sentencing." We hold that the Green requirement was met here. Unlike the situation in United States v. Byars, 290 F.2d 515, 517 (6th cir.1961),[1] where "[n]o inquiry was made directly of defendant himself ... as to whether he wished to make a statement in his own behalf before sentence was imposed," Fryhover was provided an opportunity to speak before the trial court actually imposed sentence. In United States v. Thomas, 875 F.2d 559 (6th Cir.), cert. denied, 110 S.Ct. 189 (1989), we recently held that "[b]efore the conclusion of the sentencing hearing, the district court judge must personally and unambiguously invite the defendant to speak in his own behalf." Id. at 563 (emphasis in original). The district judge came to Fryhover's sentencing hearing, as most trial judges do in most cases, prepared with a tentative sentence. Only after unambiguously inviting Fryhover to speak did the judge formally impose a final sentence. As the district court did not sentence Fryhover without the benefit of first hearing from him, it did not violate Fryhover's right of allocution.
 
 C
 
 12
 Fryhover next argues that the district court operated under a mistaken belief as to his mandatory minimum penalty. 21 U.S.C. § 841(b)(1)(B) provides for a minimum penalty of five years' imprisonment and a maximum penalty of forty years' imprisonment. Before amendments in November 1988,[2] § 846 provided that the penalty for conspiracy could not exceed that prescribed by § 841 for the substantive offense. Fryhover argues that, since the district court imposed a six-year sentence, it must have erroneously assumed it had to apply the § 841 minimum penalty provision to a § 846 conviction. Otherwise, he contends, there would have been no reason for such a long sentence.
 
 
 13
 Fryhover's claim is meritless because the court sentenced Fryhover according to the federal sentencing guidelines, not according to the mandatory minimums in the statute. Under the guidelines, the district court could have sentenced Fryhover to as much as 108 months,[3] but the court chose to set the sentence in the middle of the range, at 96 months. We hold that the district court did not err in its sentencing.
 
 D
 
 14
 Fryhover's final basis for appeal is the disparity between his sentence and the sentences of his co-conspirators. We find this claim also to lack merit.
 
 
 15
 Fryhover's co-conspirators were sentenced by another judge at a base offense level of 22, while Fryhover was sentenced at a base offense level of 26. Fryhover claims that the disparity between his eight-year sentence and the three-and-a-half-year sentences of Flores, Vela, and Rodriguez is unconscionable.
 
 
 16
 The reason for the disparity is clear. The other defendants pled guilty before Judge Douglas Hillman and had some success in arguing that the conspiracy was distributing less than 100 kilograms of marijuana. Fryhover tried his case to a jury, which was convinced that the members of the conspiracy were distributing at least 100 kilograms. As the evidence is sufficient to prove that Fryhover was engaged in a conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, Fryhover's argument is simply wrong.
 
 
 17
 For the foregoing reasons, we affirm Fryhover's conviction and sentence.
 
 
 
 [1]
 In Byars, after the trial judge imposed sentence, he turned to the defendant and said, "Now your statement." Finding a violation of the defendant's right of allocution, we remanded the case for resentencing
 
 
 [2]
 Pub.L. No. 100-690, Title VI, § 6470(a), 102 Stat. 4377 (amended November 18, 1988)
 
 
 [3]
 The district court accepted the calculation of 26 as the base offense level and added 3 points for Fryhover's position as supervisor of the transaction. Fryhover's criminal history category was Category I. For this combination of base offense level and criminal history, the guideline tables indicate a range of 87 to 108 months