896 F.2d 554
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bartee YARBROUGH, Defendant-Appellant.
 No. 89-1416.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Bartee Yarbrough appeals his criminal conviction for various drug related offenses. Finding no merit in any of Appellant's contentions on appeal, we affirm.
 
 
 2
 In September 1987, a federal investigation resulted in the closing of Lakeside Pharmacy and the arrest of its owner for illegal distribution of controlled substances. A short time thereafter, John Williams, one of Lakeside Pharmacy's illegitimate "customers," telephoned the FBI and offered to become an informant. Williams had been buying Talwin and Pyrobenzamine tablets from the pharmacy since 1983 and selling them to Appellant who resold the drugs in Tennessee.
 
 
 3
 After working with Williams for some time, the FBI decided to have Williams approach Appellant to arrange another sale of prescription drugs. On January 5 and 15, 1988, FBI Agents tape-recorded telephone calls Williams made to Appellant offering to sell Talwin and Dilaudid. On January 19, 1988, Appellant arranged to take Williams to "Ben's Pharmacy" (new name of Lakeside Pharmacy) to purchase drugs. FBI agents set up surveillance and one agent posed as the pharmacist. Appellant drove Williams to the pharmacy, and on the way, Appellant explained that he had already spent the money he had planned to use to buy Talwins, but that he had $3800 to buy 200 tablets of 4 mg. Dilaudid. When they arrived at the pharmacy, Appellant gave Williams the money to buy Dilaudid. Appellant then took a hand gun from the glove compartment and put it in his pocket, telling Williams that he would shoot him if Williams "tried to screw him up."
 
 
 4
 The two men entered the store together, but Williams bought the pills. Williams gave Appellant the bottle of pills in the car and Appellant hid the bottle under the seat. The FBI agents then closed in and arrested Appellant. An agent found the bottle of pills under the front seat of the car in a brown paper bag and the agent further found a revolver in Appellant's jacket pocket. The FBI agents then photographed the $3200 in cash that Williams had paid for the drugs and the money was forfeited to the U.S. Marshals Office. Since Williams, the FBI informant, was not wired with a hidden microphone, much of the government's evidence at trial regarding the events that transpired was in the form of Williams' testimony, testimony hotly disputed by Appellant.
 
 
 5
 Pursuant to a jury trial, Bartee Yarbrough was convicted of one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1), two counts of using a telephone to facilitate drug transactions in violation of 21 U.S.C. Sec. 843(b), and one count of using a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 6
 On appeal, Appellant contends that there was insufficient evidence to support a conviction, that the trial court erred by admitting certain evidence at trial, that he had ineffective assistance of counsel, that the government failed to produce exculpatory evidence, that the trial court erred by not inquiring into Appellant's decision not to testify, and finally, that the trial court erred by refusing the jury's request to repeat testimony.
 
 
 7
 In rejecting Appellant's contention that there was insufficient evidence to support a conviction, we find that the testimony of the informant, John Williams, provided a sufficient basis for a reasonable jury to conclude that Appellant was guilty of the charged offenses. Moreover, since there was no motion for acquittal made at any time below, see Fed.R.Crim.P. 29, appellate review is not available unless there was a "manifest miscarriage of justice." United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989). We find no such injustice here.
 
 
 8
 Appellant's assertion that he was denied a fair trial by the admission of certain evidence is similarly unavailing. The record is utterly void of any indication that Appellant objected to any evidentiary admissions in a timely fashion, and therefore, review on appeal is limited to "plain errors." Fed.R.Evid. 103.
 
 
 9
 The testimony of the government's informant, Williams, was relevant and its admission was not plain error. Likewise, the introduction of the photograph of the money used for the drug purchase was not plain error. Finally, as to the jury instruction relating to entrapment, we find that the trial court merely instructed the jury on the law of entrapment and there was no plain error in that instruction. Moreover, Appellant never objected to the jury instruction on entrapment.
 
 
 10
 Appellant next contends that he was denied effective assistance of counsel as a result of his counsel's failure to hire an expert to test for fingerprints on the cash or pill bottle and his counsel's failure to object to the prosecution's evidence. However, this court "will not review an ineffective assistance of counsel claim raised for the first time on appeal." United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989) (citations omitted). Since this issue was not raised below, the claim is not properly before this court.
 
 
 11
 Appellant further maintains that the government failed to produce exculpatory evidence as required under Brady v. Maryland, 373 U.S. 83 (1963). Appellant's claim is again unfounded since there was no showing of bad faith on the part of the police in their failure to retain and make available the cash used to purchase the Dilaudid. See Arizona v. Youngblood, 109 S.Ct. 333, 3337 (1988). Furthermore, Appellant's claim that had the money been produced, a fingerprint expert might have been able to establish the absence of any of Appellant's prints on the bills, is unavailing since there is no evidence that even if Appellant's fingerprints had not been detected, Appellant would have been exonerated. Appellant was convicted even though the government did not demonstrate that Appellant's prints were on any of the bills. The addition of a negative fingerprint analysis would not have aided the defense in any significant way.
 
 
 12
 Appellant next asserts that the trial court was required to examine him so as to determine whether he had made a knowing and voluntary waiver of his right to testify at trial. Appellant, however, does not contend that he wanted to testify and was dissuaded by his attorney or that he would testify if granted a new trial. Appellant offers no allegation of prejudice as a consequence of his decision not to testify on his own behalf. Furthermore, in United States v. Martinez, 883 F.2d 750 (9th Cir.1989), the court held that "courts have no affirmative duty sua sponte to address a silent defendant and inquire whether he knowingly and intelligently waives the right to testify." Id. at 760. This well reasoned opinion comports with the view of all circuits addressing the issue and lends credence to our holding that Appellant's contention on this issue is without merit.
 
 
 13
 Lastly, Appellant contends that the trial court abused its discretion by refusing the jury's request to repeat a portion of John Williams' testimony. In fact, the judge advised the jury that no transcript had been prepared and thus, one was unavailable. The court reluctantly left open the option of re-reading the testimony by stating, "[i]f need be, I suppose we could read it, but that takes quite a bit of time." After the court's response to the jury's request, the jury was discharged for the day and a verdict was reached the next morning after the jury deliberated for an hour.
 
 
 14
 The decision whether to re-read testimony is within the court's discretion. United States v. Thomas, 875 F.2d 559, 563 n. 2 (6th Cir.), cert. denied, 110 S.Ct. 189 (1989); United States v. Padin, 787 F.2d 1071, 1076 (6th Cir.), cert. denied 479 U.S. 823 (1986). Moreover, since Appellant failed to object, the plain error standard applies on review. See United States v. Frady, 456 U.S. 152 (1982). Where the trial lasted only two days and the jury had been deliberating only a short time, we find that the trial court did not abuse its discretion by instructing the jury to rely on its collective memory of the testimony.
 
 
 15
 Accordingly, Appellant's conviction is hereby AFFIRMED.