33 F.3d 55
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger MORRELL, M.D., Defendant-Appellant.
 No. 92-1080.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1994.
 
 Before: NORRIS and SILER, Circuit Judges; and OAKES,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On January 18, 1994, this court rendered a decision in this case on numerous issues, affirming the conviction and sentence for defendant Roger Morrell, M.D. We now grant in part Dr. Morrell's petition for rehearing. This decision amends the previous decision of this court in his case only.
 
 
 2
 The meritorious issue which has been raised by Dr. Morrell involves his sentence. In our previous decision, we found that Dr. Morrell should be subject to the consequences of the acts of the co-conspirators at a time before Dr. Morrell joined the conspiracy, citing United States v. Centraccio, 977 F.2d 1061, 1066 (7th Cir.1992).
 
 
 3
 The illegal activities of the conspiracy and other criminal conduct began around May 1982, and continued until June 1988. Dr. Morrell did not join the conspiracy until May 15, 1987, and he worked for the Second-Selden Medical Clinic from that date until it closed in June 1988.
 
 
 4
 The issue concerns the interpretation of USSG Sec. 1B1.3(a)(1)(B). That section holds the defendant responsible for relevant conduct in which the defendant did not personally participate, but "in the case of a jointly undertaken criminal activity ... all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Id. There is a split in the circuits on whether a defendant's sentence should reflect relevant conduct of codefendants which occurred before the defendant in question joined the criminal activity. Thus, Centraccio, 977 F.2d at 1066; United States v. Edwards, 945 F.2d 1387 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992); United States v. Miranda-Ortiz, 926 F.2d 172 (2d Cir.), cert. denied, 112 S.Ct. 347 (1991); United States v. Matthews, 942 F.2d 779 (10th Cir.1991); and United States v. Willard, 909 F.2d 780 (4th Cir.1990), all held that a defendant's sentence could reflect the prior relevant conduct of other persons who carried out their criminal activity prior to the time that the defendant joined the enterprise. Other cases which rejected that position include United States v. Carreon, 11 F.3d 1225 (5th Cir.1994); United States v. Petty, 992 F.2d 887 (9th Cir.1993); and United States v. O'Campo, 973 F.2d 1015 (1st Cir.1992).
 
 
 5
 The most crucial consideration, however, is the fact that the United States Sentencing Commission has now proposed an amendment to the commentary in the Sentencing Guidelines. See 55 Cr.L. 2025 (May 5, 1994). The new commentary, proposed to be in accord with the rule from Carreon, provides:
 
 
 6
 A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant's joining the conspiracy, even if the defendant knows of that conduct (e.g., in the case of a defendant who joins an ongoing drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant's joining the conspiracy is not included as relevant conduct in determining the defendant's offense level). The Commission does not foreclose the possibility that there may be some unusual set of circumstances in which the exclusion of such conduct may not adequately reflect the defendant's culpability; in such a case, an upward departure may be warranted.
 
 
 7
 Thus, the proposed amendment, if not rejected by Congress, would restrict a defendant's sentence to acts committed after he or she joined the conspiracy or criminal activity. Although any amendments to the Guidelines may not be binding upon the courts for prior sentences, they will be given great weight, in order to prevent injustices from happening. For instance, if Dr. Morrell had engaged in the conduct for which he was sentenced after the effective date of these amendments, November 1, 1994, then he obviously could not be held accountable for conduct which occurred prior to the time that he joined the conspiracy, unless an upward departure was appropriate. Therefore, we follow the rule from those circuits which hold a defendant accountable only to relevant conduct which occurs after he or she joins the criminal activity.
 
 
 8
 At the time of the sentencing in this case, there were numerous issues for the district court to resolve, and it could not have foreseen the proposed amendment to the Sentencing Guidelines. Therefore, we need not blame that court for failing to follow the law which was unclear at that time.
 
 
 9
 Thus, with regard to the sentencing of Dr. Morrell only, we vacate that sentence and remand this matter to the district court for reconsideration in light of our decision. The court should recompute the Guidelines, considering only that conduct which occurred after Dr. Morrell joined the conspiracy, unless a departure is warranted.
 
 
 
 *
 Honorable James L. Oakes, Senior United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation