89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald ROQUEMORE and Dr. Roger Morrell, Defendants-Appellants.
 Nos. 95-1140, 95-1318.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1996.
 
 Before: KEITH, JONES and SILER, Circuit Judges.
 SILER, Circuit Judge.
 
 
 1
 Defendants, Reginald Roquemore and Dr. Roger Morrell, appeal their sentences upon remand from the decisions of this court in United States v. Sims-Robertson, 16 F.3d 1223, 1994 WL 12212 (6th Cir.) (unpublished), and United States v. Morrell, 33 F.3d 55, 1994 WL 475818 (6th Cir.) (unpublished). After oral argument, Dr. Morrell asked that his appeal be dismissed, because he has served his incarcerated sentence and is now in home confinement. That has been granted, so the opinion will be confined to the issues raised by Roquemore only. The issues on this appeal are whether the district court erred when it did not allow Roquemore his right of allocution and when it resentenced Roquemore. For the reasons stated herein, we affirm Roquemore's sentence.
 
 I.
 
 2
 Roquemore appeals his sentences imposed pursuant to his convictions for RICO violations, drug conspiracy, mail fraud conspiracy, drug distribution, mail fraud and Medicaid fraud. He was the owner and operator of Second Selden Medical Clinic in Detroit, Michigan. The clinic engaged in fraudulent blood testing and illegal distribution of controlled substances.[1]
 
 
 3
 We vacated Roquemore's sentence and remanded for resentencing in light of United States v. Romano, 970 F.2d 164 (6th Cir.1992), because Roquemore could not be given both a four-level increase for being an organizer of more than five persons and a two-level increase for more than minimal planning. The court determined that this type of sentence would improperly enhance Roquemore's sentence for the same conduct under two different provisions of the Sentencing Guidelines. Consequently, the district court was instructed to determine the applicability of Romano and resentence Roquemore.
 
 II.
 
 4
 The first question concerns whether Roquemore's case must be remanded for another sentencing due to the district court's failure to grant Roquemore the right of allocution at his resentencing in violation of Rule 32(a)(1)(C) of the Federal Rules of Criminal Procedure.
 
 
 5
 Rule 32(a)(1)(C) requires that before imposition of a sentence, a court must "address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of [his] sentence." To meet Rule 32's requirements the "district judge must personally and unambiguously invite the defendant to speak in his own behalf." United States v. Riascos-Suarez, 73 F.3d 616, 627 (6th Cir.1996) (quoting United States v. Thomas, 875 F.2d 559, 563 (6th Cir.), cert. denied, 493 U.S. 867 (1989)). Failure to grant the right of allocution affects the entire sentencing process and requires the reviewing court to treat the defendant as if "he had never been sentenced." Riascos-Suarez, 73 F.3d at 628 (citation omitted).
 
 
 6
 The district court only addressed Roquemore's counsel before resentencing Roquemore. However, Rule 32(a)(1)(C) only requires allocution before imposition of a defendant's original sentence. United States v. Coffey, 871 F.2d 39, 40 (6th Cir.1989). Roquemore was given the opportunity to speak before imposition of his original sentence. While the better practice would have been to afford Roquemore another opportunity to address the court before resentencing, the district court's failure to do so does not require remand of this case.
 
 III.
 
 7
 Roquemore also contends that the district court erred on remand when it failed to consider his exemplary prison record, the disparity between his sentence and his co-defendants' sentences and the amount of his fine. These contentions are without merit as Roquemore waived his right to raise these issues here.
 
 
 8
 In both his brief before resentencing and in oral argument at the resentencing, Roquemore argued the district court could consider only that issue delineated by the remand order. Specifically, he argued that the resentencing was limited to consideration of the applicability of Romano. The district court agreed with Roquemore and limited the resentencing hearing accordingly.[2] An "attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." United States v. Sloman, 909 F.2d 176, 182-83 (6th Cir.1990). See also United States v. Nagi, 947 F.2d 211, 214 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992) (holding that defendants cannot now argue on appeal that the "district court erred in following that course urged by their respective counsel in the trial court.").
 
 
 9
 The other arguments advanced by Roquemore are without merit.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The underlying facts of this case are more particularly set forth in this court's opinion in United States v. Sims-Robertson, 16 F.3d 1223, 1994 WL 12212 (6th Cir.) (unpublished)
 
 
 [2]
 As Roquemore recognized, if the case had been treated as a full resentencing hearing, the government would have been allowed to argue that Roquemore should have received an additional enhancement pursuant to USSG § 2F1.1(b)(2), for committing a crime that involved more than one victim. Consequently, Roquemore vehemently argued that the government was precluded from doing this as the resentencing was strictly limited to a determination of the applicability of Romano