**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0756n.06

No. 10-4189

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Nov 09, 2011** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| ROBERT C. RIGSBY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.  Robert C. Rigsby, a federal prisoner, appeals through counsel the sentence imposed following his guilty plea to a charge of possession of child pornography.

Rigsby's presentence report calculated a guidelines sentencing range of 135 to 168 months of imprisonment, but the statutory maximum for the offense was ten years, which became the guidelines sentence.  The government moved for a downward departure under USSG § 5K1.1, which resulted in a lower guidelines range of 87 to 108 months.  The district court sentenced Rigsby to sixty months of imprisonment.

---

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

On appeal, Rigsby argues that 1) he was denied his right to allocute; 2) a revision to USSG §§ 5H1.3 and 5H1.4 which allows the consideration of mental conditions and physical impairments should be applied to his sentence; and 3) his sentence is disparate from a similar defendant's one day of incarceration.

We review for plain error the claim of denial of allocution because Rigsby failed to object below. *See United States v. Bostic*, 371 F.3d 865, 871-73 (6th Cir. 2004). Rigsby suffers from a hearing impairment. He has no hearing in his left ear, but he has a cochlear implant in his right ear. He does not know sign language, but he can read lips. Review of the transcripts reveals that Rigsby was able to participate in the plea proceeding and sentencing. At sentencing, his attorney read a statement that Rigsby had prepared, as well as making an argument for a lenient sentence. Rigsby argues that the district court never directly addressed him or asked if he had anything else to say.

No denial of allocution is apparent in this circumstance. Rigsby had prepared his statement in advance and asked his attorney to read it. In *United States v. Thomas*, 875 F.2d 559, 561-62 (6th Cir. 1989), we approved the district court's invitation to both the defendants and counsel to make any comments, following which counsel presented argument on defendants' behalf. Likewise, Rigsby received an opportunity to allocute, which he accomplished through his prepared statement read by counsel, in addition to counsel's argument. There was no plain error.

Rigsby next argues that his sentence should be vacated and remanded so that the district court can consider his mental condition and physical impairments, under revised USSG §§ 5H1.3 and 5H1.4. The record reflects, however, that the district court considered both Rigsby's hearing impairment and his depression in arriving at the sentence (which was substantially below the guidelines range). Moreover, the revision to USSG § 5H1 has not been declared by the sentencing

commission to be retroactive. *See Braxton v. United States*, 500 U.S. 344, 348 (1991) (holding that the sentencing commission has the power to decide whether amendments are retroactive). Therefore, Rigsby has demonstrated neither that his impairments were not considered by the district court, nor that he is entitled to retroactive application of the revised guideline.

Finally, Rigsby compares his sentence with the one day of incarceration imposed in *United States v. Young*, No. 1:09-CR-252, 2010 WL 502754 (W.D. Mich. Feb. 5, 2010) for a conviction of possession of child pornography. Rigsby's argument that his hearing impairment is indistinguishable from Young's total disability due to multiple sclerosis is not persuasive. His claim of an unduly disparate sentence is therefore rejected. Rigsby has not persuaded us that his below-guidelines sentence is unreasonably severe. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

For all of the above reasons, the district court's judgment is affirmed.