NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0624n.06

**No. 11-2392**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 02, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| RICARDO MATHEWS, | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |

Before:  SILER, MOORE, and ROGERS, Circuit Judges.

**SILER**, Circuit Judge.  Defendant Ricardo Mathews appeals the sentence imposed following his guilty plea to possession with intent to distribute cocaine base.  He challenges his within-Guidelines sentence as procedurally and substantively unreasonable.  For the reasons set forth below, we AFFIRM the judgment of the district court.

I.

In 2011, Mathews pled guilty to possession with intent to distribute an unspecified quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The presentence report (PSR) calculated Mathews's total offense level at 25 and criminal history category at V, and advised a Sentencing Guidelines range of 100 to 125 months in prison.  Mathews objected to the PSR calculations and moved for a below-Guidelines sentence under the 18 U.S.C. § 3553(a) factors.  He argued that his criminal history category was over-represented because he was sentenced in excess

of sixty days for two marijuana-related convictions only because he failed to appear at court hearings. Because his marijuana sentences were atypical, Mathews argued that they should not count toward his criminal history point total pursuant to USSG § 4A1.1(b) and should instead be counted as a prior sentence under sixty days in length pursuant to § 4A1.1(c).

Before discussing the mitigation factors, the district court stated: "I have considered all of the defendant's requests for a lower sentence made here in court today, as well as the defendant's sentencing memorandum and request for a variance, . . . ." It also acknowledged Mathews's argument on his criminal history point total but explained that his absence at court hearings "doesn't cut in his favor." The district court sentenced Mathews to 120 months of imprisonment and three years of supervised release.

## II.

Mathews contends that his sentence is procedurally unreasonable because the sentencing judge misunderstood and failed to consider at mitigation that his criminal history category was over-represented, and because the district court improperly elicited information from Mathews at allocution about relevant conduct. Since Mathews concedes that he did not preserve his procedural arguments, *see United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004), we review his claims of procedural unreasonableness for plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008). A sentence can be procedurally unreasonable if the district court failed to consider a relevant § 3553(a) factor. *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006) (citing *United States v. Webb*, 403 F.3d 373, 383–85 (6th Cir. 2005)).

A.

In this case, the district court declined to vary from the advisory Guidelines range not because it failed to understand or consider Mathews's marijuana-possession-related sentences, but because it determined that sufficient evidence supported his criminal history category of V. It discussed Mathews's criminal history, including four prior violations of the Controlled Substance Act, the fact that Mathews failed to complete probation twice, and Mathews's prior involvement in the state court system. In discussing Mathews's prior convictions, the district court addressed his arguments regarding his criminal history and rejected their merits. *See United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011). Its rationale "reflects [its] considered rejection of those arguments, making it unnecessary for the court to expressly confirm this through magic words like, 'I have considered [Mathews's] arguments and I reject them.'" *See id*. Moreover, Mathews's over-representation argument is conceptually straightforward. *See United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009). The district court offered detailed, substantive reasoning, explicitly mentioned Mathews's argument concerning his criminal history category, and addressed and rejected the argument by logical implication. "When a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse – *why* an alternative sentence was *not* selected – in every instance." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). We are satisfied that the district court considered Mathews's "arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

B.

Mathews next argues that the district court violated his Fifth Amendment rights when it elicited information about relevant conduct and allegedly used the information to justify its sentence. The district court properly permitted Mathews the opportunity to make a statement to mitigate his sentence, and Mathews opted to allocute. Fed. R. Crim. P. 32(i)(4)(A)(ii); *United States v. Thomas*, 875 F.2d 559, 562–63 (6th Cir. 1989). During allocution, Mathews admitted to "hustling and selling drugs." He specifically contests the district court's question to him about "selling" crack cocaine when Mathews's plea agreement admits to *possession* with intent to distribute cocaine, not to *distributing* cocaine.

A defendant's guilty plea does not waive the Fifth Amendment privilege against self-incrimination in the sentencing phase of the case. *Mitchell v. United States*, 526 U.S. 314, 322–24 (1999). While the Fifth Amendment privilege against self-incrimination applies at allocution, the privilege protects only against *compelled* self-incrimination. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976). He does not argue that his allocution was involuntary, unknowing, or unintelligent. Moreover, the nature of the information shared by Mathews is not incriminating, because the court did not inquire about factors which would impact the Guidelines range, such as the amount of drugs Mathews sold or his role in selling the drugs. Insofar as the admission that Mathews sold drugs could be construed as incriminating, he admitted that fact prior to the district court's questioning. Finally, the conduct on which his sentence is based is conduct which Mathews admitted in his plea agreement. By pleading guilty, Mathews "put[] nothing in dispute regarding the essentials of [his]

offense." *Mitchell*, 526 U.S. at 323. Mathews's statements during the sentencing hearing only further support the court's rationale in supporting its sentence and were not essential to it.

III.

Mathews next challenges his sentence for substantive reasonableness, arguing that the district court unreasonably weighed several § 3553(a) factors. *See United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Specifically, he argues that the district court assigned unreasonable weight to (1) the likelihood that he would continue to engage in criminal behavior; (2) his harm to unknown victims, i.e., family members of drug users; (3) the statutory maximum sentence; and (4) his criminal history category of V. We review these arguments under the abuse of discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

A properly calculated advisory Guidelines range represents the starting point for substantive-reasonableness review because it is one of the § 3553(a) factors and because the Guidelines purport to take into consideration most, if not all, of the other § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49 (2007). The sentencing court must consider all of the relevant § 3553(a) factors and impose "a sentence of sufficient but not greater length than necessary" to comply with the purposes of § 3553(a). *Vonner*, 516 F.3d at 397. Sentences that fall within the applicable Guidelines range are presumed to be reasonable, although the presumption is rebuttable. *Id*. at 389.

Mathews's first two arguments rely on statements made by the district court that were taken out of context. Although Mathews contends that the district court was speculating as to his future behavior, it is clear from the record that the district court was simply cautioning Mathews that he would receive a significant sentence if he were to engage in criminal activity again. Similarly, the

district court did not rely on any impact to victims in sentencing Mathews. Rather, the district court explained why it was rejecting Mathews's argument that he sold drugs to support his family. Further, counsel present at sentencing was under a duty to prevent the court from any misinformation or prejudice by the court by noting an objection. Fed. R. Crim. P. 52(b); *Vonner*, 516 F.3d at 385. No objection appears on the record. With respect to Mathews's third argument, the district court may consider the maximum penalty for Mathews's offense when weighing the § 3553(a) factors, *see* 18 U.S.C. § 3553(a)(3)-(4), but it clearly did not rely exclusively upon the maximum statutory sentence. The record reflects the district court's consideration of the "widest possible breadth of information about [Mathews]" and the district court's effort to "ensure[] that the punishment . . . suit[s] not merely the offense but [Mathews]." *Wasman v. United States*, 468 U.S. 559, 564 (1984). Lastly, Mathews argues for a downward departure from the Guidelines because his criminal history category "substantially over-represents the seriousness of [his] criminal history," citing USSG § 4A1.3(b)(1). Even if Mathews would have received sentences lasting less than sixty-days for his marijuana possession convictions, thus amounting to a total of ten criminal history points instead of twelve, he would remain a category V offender. *See* USSG § 4A1.1(b), (c); USSG § 5A.

Here, the district court considered the applicable statutory and Guidelines factors when deciding its within-Guidelines sentence. *See United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). Its decision rested in large part on Mathews's criminal history and the need for deterrence, but the court did not unreasonably weigh those factors.

AFFIRMED.